UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ROBERT ANNABEL, II,

    Plaintiff,

v.

HEIDI WASHINGTON; JEREMY BUSH; UNKNOWN MCKINNEY; NORBERT FRONCZAK; JOHN DAVIDS; GEORGE STEPHENSON; WILLIS CHAPMAN; and J. TANNER,

    Defendants.

_____/

CASE NO.

HON.

MAG.

**JURY DEMAND**

FILED - GR
February 1, 2024 1:50 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: JN /2-2

1:24-cv-97
Ray Kent
U.S. Magistrate Judge

## CIVIL COMPLAINT

Plaintiff Robert Annabel, II, a prisoner of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983, alleging that defendants have violated his rights under the United States Constitution and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

### I. JURISDICTION.

1. The United States District Court has jurisdiction of this matter 28 U.S.C. §§ 1331 and 1343(a); to award Plaintiff damages under 28 U.S.C. § 1357, and/or declaratory and injunctive relief under §§ 2201 and 2202.

## II. PRIOR LAWSUITS.

2. Plaintiff has filed 15 prior lawsuits while incarcerated.

## III. PLACE OF CONFINEMENT.

3. Plaintiff was incarcerated at the Macomb Correctional Facility and the Ionia Correctional Facility during the events alleged in this Civil Complaint.

## IV. PARTIES.

4. Plaintiff Robert Annabel, II, #414234, address is the Ionia Correctional Facility, 1576 W. Bluewater Hwy., Ionia, MI 48846.

5. Defendant Heidi Washington is employed as Director at MDOC Director's Office, Grandview Plaza Bldg., P.O. Box 30003, Lansing, MI 48909.

6. Defendant Jeremy Bush is employed as deputy director at MDOC Director's Office, Grandview Plaza Bldg., P.O. Box 30003, Lansing, MI 48909.

7. Defendant Unknown McKinney is employed as Assistant Deputy Warden at Macomb Correctional Facility, 34625 26 Mile Rd., Lenox Twp., MI 48048.

8. Defendant Norbert Fronczak is employed as law librarian at the Macomb Correctional Facility, 34625 26 Mile Rd.,

Lenox Twp., MI 48048.

9. Defendant John Davids is employed as Warden at the Ionia Correctional Facility, 1576 W. Bluewater Hwy., Ionia, MI 48846.

10. Defendant George Stephison was employed as Warden at Macomb Correctional Facility, 34625 26 Mile Rd., Lenox Twp., MI 48048.

11. Defendant Willis Chapman was employed as Assistant Deputy Warden at the Macomb Correctional Facility, 34625 26 Mile Rd., Lenox Twp., MI 48048.

12. Defendant J. Tanner is employed as Warden at the Macomb Correctional Facility, 34625 26 Mile Rd., Lenox Twp., MI 48048.

13. **Capacities:** All defendants are sued in their personal capacities for monetary damages and in their official capacity for ADA claims.

V.   STATEMENT OF FACTS.

14. Plaintiff Robert Annabel, II, is a prisoner of the MDOC who has been marked by defendants and the Michigan Department of Attorney General as a successful litigant. The gist of this Civil Complaint is a recent, detailed conspiracy by most defendants to retaliate against Plaintiff for his own lawsuits and for his offerring to testify in Prisoner Joel

-3-

Carter #410324 civil jury trial.

15. In September 2017, Plaintiff was incarcerated in administrative segregation Housing Unit 1 at the notoriously corrupt Ionia Correctional Facility Level V maximum security. Often MDOC employees would challenge him to do stunts for their entertainment. High-rank and low-rank ICF employees challenged him to do a comedy stunt to loudly break through the back window of his cell, on camera, even observed him in the process and covered for him in shakedowns. Staff bragged and laughed at the video for 13 months until Plaintiff transferred down to a security level IV facility.

16. Plaintiff was prosecuted for prison escape as a 4th habitual, though all evidence showed no intent to leave the prison. However, at preliminary examination, MDOC employees admitted knowing about the planned stunt and doing nothing to stop it. This was a great embarassment to the prosecutor and the MDOC. Although Plaintiff could have easily beat the charge, a few days later he accepted a plea deal for only five months.

17. Initially, Ionia Correctional Facility made two special cells with metal plates welded over the windows, but with small holes for ventilation. However, Defendants Heidi Washington and Jeremy Bush thereafter ordered that solid metal plates to be welded over all windows to stop ventilation

-4-

into the cells, an excessive and exaggerated response, since a prisoner cannot possibly break through a window without staff approval.

18. Defendants Washington and Bush disregarded warnings that cutting off cell window ventilation would be dangerous for mentally ill prisoners prescribed psychotropic medication and at risk of serious heat-related illness. Prisoner Joel Carter filed a lawsuit in which Plaintiff Annabel's anticipated testimony was that it was unnecessary to completely cutoff window ventilation in order to prevent escape. This, in turn, would have helped Carter prove the subjective element of his deliberate indifference claim by exposing MDOC justifications as mere propaganda to cover up the participation of its employees in the so-called 2017 "escape."

19. Meanwhile, since 2019, Plaintiff has been housed in a Level IV population. In 2020, he was granted parole, but returned to Level IV custody on May 28, 2022, on pending charges that he anticipates acquittal. From August 28, 2020, to the filing of this Civil Complaint, he has been found guilty on only a single misconduct incident and now has Level II security classification points (14 pts.). He enjoyed freedom of movement. He got along with staff and most other prisoners.

20. Plaintiff was in RTP Level IV at Macomb Correctional Facility, when in agreement with psychologist Scott Webster, believed that Plaintiff would be discharged from RTP to Outpatient Security Level II. However, on January 18, 2024, Defendants Washington, Bush, and Mckinney instead transferred Plaintiff back to the corrupt Ionia Correctional Facility Level V, to a locked-down segregation unit. Per MDOC policy for a two security level departure, McKinney had to obtain the approval of Director Washington and Deputy Director Bush.

21. On January 22, 2024, just four days after that extreme retaliatory transfer, Plaintiff was scheduled to testify at Prisoner Carter's civil jury trial at the federal courthouse in Lansing. Plaintiff had not received any notice that he was scheduled to testify on that date. After Plaintiff was two hours late to be brought to court, the Judge called Defendants Washington and Bush to demand that Plaintiff be brought to the courthouse NOW. Transportation officers gave Plaintiff this report as they rushed to get him ready to depart Ionia. Defendants had not intended to allow Plaintiff to appear and to testify, but for the federal judge investigating the delay.

22. Although Plaintiff was no threat, and had attended other court dates without high-security

-6-

restraints and a three corrections officer escort, he was marched before the jury like Charles Manson. In further effort to unfairly prejudice Plaintiff's testimony, the assistant attorney general asked him about an alleged parole violation, criminal charges that he has not been convicted of, the 14 lawsuits Plaintiff Annabel had filed while incarcerated, and implied that he was in Level V maximum security due to continual misconduct. Sadly, Prisoner Carter declined to elicit Plaintiff's testimony, who was not allowed to volunteer it or to coax Carter to request it.

23. Defendants' supposed justification for the retaliatory transfer was Plaintiff's "criminal history." However, since 2019 he had been in Security Level IV and has not been convicted of a new crime. And many prisoners with far worse criminal histories are still in Level II. Moreover, Plaintiff falls under none of the security classification's expressly listed criteria for Level V placement.

24. But the retaliation cake comes with icing, too. On January 3, 2024, the same Defendant McKinney who would sign the retaliatory transfer papers two weeks later, also issued Plaintiff a retaliatory Class II misconduct charge for allegedly filing two false grievan-

-7-

ces against Defendant Norbert Fronczak for denying Plaintiff law library callouts. However, none of the law library callout dates in the misconduct report match the incident dates of January 2, 2024, and January 10, 2024, stated in Plaintiff's two grievances. Moreover, the callout dates listed in the misconduct report also reflect that Plaintiff had not received his full four hours per week of law library sessions. Two lawsuits were pending.

25.  Despite many substantial periods of good behavior, Defendants Washington, Bush, John Davids, George Stephison, Willis Chapman, and J. Tanner have refused to waive the Loss of Privileges sanctions that Plaintiff had acquired at the notoriously corrupt Ionia Correctional Facility, since 2014, and buried with seven more years to serve.  Defendants enforce a prisoner disciplinary policy that disparately impacts mentally ill prisoners like Plaintiff, does not accommodate their disabilities with a waiver for good behavior, violates the Eighth Amendment by denying out-of-cell physical activities and recreational privileges, and by denying incentives to continue to engage in good behavior, is not rationally connected to a legitimate penological objective.

26. Plaintiff has attempted to exhaust administrative remedies, only to suffer systematic retaliation, as

-8-

shown by example in Paragraph 24 of this Civil Complaint and elsewhere. The entire MDOC grievance system is an exercise in futility and operates as a simple deadend, with a near 100% state-wide rejection/denial rate of all prisoner grievances that allege affirmative misconduct by MDOC employees or criminal or civil liability of its employees. The sole purpose of the MDOC grievance process is a weapon to frustrate prisoner lawsuits.

27. The MDOC has an endless supply of money and indemnifies its employees in prisoner lawsuits. The Dep't of Attorney General provides them with free legal representation. Defendants are undeterred by the prospect of prisoner lawsuits or average punitive damages.

VI.   STATEMENT OF CLAIMS.

28. Defendants Washington, Bush, McKinney, and Fronczak violated Plaintiff's First Amendment rights to redress of grievances and also freedom of speech by retaliating for his filing lawsuits and grievances and offering to testify at Prisoner Carter's civil trial.

29. All defendants, except McKinney and Fronczak, have violated Plaintiff's Eighth Amendment and ADA rights by a policy that disparately impacts mentally ill Plaintiff

-9-

refusing to grant an Loss of Privileges waiver for decades of sanctions, despite several substantial periods of good behavior, and have denied reasonable accommodations.

VII.  **RELIEF REQUESTED.**

    a. A declaratory ruling that defendants violated any or all of Plaintiff's Federal rights as alleged.

    b. An injunction that defendants transfer Plaintiff to a Security Level II facility that is not known for a high rate of issuing prisoner misconduct charges or receiving written complaints by prisoners, and to also grant Plaintiff a full and complete waiver of all previously acquired Loss of Privileges sanctions.

    c. Against all defendants herein No. 28 of the Statement of Claims, jointly and severally, compensatory damages of $500,000; and against each individually, punitive damages of $200,000.

    d. Against all defendants herein No. 29 of the Statement of Claims, jointly and severally, compensatory damages of $100,000.

    e. Plaintiff requests the Court to exercise its authority to exempt any award of damages from being collected under the State of Michigan Correctional Facility Reimbursement Act, being Mich. Comp. Laws §§ 800.400, et seq., as application of the Act

as an unconstitutional hinderence to the purpose of Congress in enacting 42 U.S.C. § 1983, where there would be no incentive for the State to regard Plaintiff's federal rights.

    f. Plaintiff's costs in litigation of this matter, also including any attorney fees.

    g. **A TRIAL BY JURY**.

    h. Any other relief in Plaintiff's favor that the Court shall deem just, proper, and equitable.

Respectfully Submitted,

*/s/ Robert Annabel, II*

Robert Annabel, II, #414234
Ionia Correctional Facility
1576 W. Bluewater Hwy.
Ionia, MI 48846

January 29, 2024

## VIII. VERIFICATION.

I, Robert Annabel, II, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing facts are true.

Executed: 1/29, 2024.

*/s/ Robert Annabel, II*

Robert Annabel, II, #414234

-11-



of the Clerk
strict Court
deral Bldg.
higan St., NW
Rapids, MI 49503

Robert Annabel, II, #414234
Ionia Correctional Facility
1576 W. Bluewater Hwy.
Ionia, MI 48846

Office
U.S. Di
399 Fe
110 Mi
Grand